UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60021-CR-SINGHAL/STRAUSS

18 U.S.C. § 371
18 U.S.C. § 922(a)(1)(a)
18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(a)(1)(a)
18 U.S.C. § 924(d)(1)
18 U.S.C. § 981(a)(1)(C)

FILED BY_____AT_____D.C.

Feb 6, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

UNITED STATES OF AMERICA,

vs.

NOPADOL INTORN,
    a.k.a. "Lonnie Owens,"
    a.k.a "Loni,"
and
SHANICE CHARLES,

    Defendants.

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1.    The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), an agency of the United States Department of Justice, administered and enforced laws and regulations pertaining to the acquisition and disposition of firearms and the licensing and operation of firearms dealers.

2.    The Gun Control Act of 1968 ("GCA") was a law that regulated firearms and those individuals and businesses permitted to sell, purchase, and possess firearms.

3.    Under the GCA, a person or business who desired to engage in the business of dealing in firearms was required to obtain a Federal Firearms License from the ATF.

**The Defendants**

4.     **NOPADOL INTORN** was a resident of Broward County. **NOPADOL INTORN** did not possess a Federal Firearms License from ATF as required by the GCA to engage in the business of dealing in firearms.

5.     **SHANICE CHARLES** was a resident of Broward County. **SHANICE CHARLES** did not possess a Federal Firearms License from ATF as required by the GCA to engage in the business of dealing in firearms.

**Count 1**
**Conspiracy to Deal in Firearms Without a License**
**(18 U.S.C. § 371)**

1.     Paragraphs 1 through 5 of the General Allegations of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.     From at least as early as March 2020, through in or around May 2022, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**NOPADOL INTORN,**
**a.k.a. "Lonnie Owens,"**
**a.k.a "Loni,"**
**and**
**SHANICE CHARLES,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to commit any offense against the United States, that is to deal in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(a).

**OBJECT AND PURPOSE OF THE CONSPIRACY**

It was an object and purpose of the conspiracy for the defendants to engage in the business of dealing in firearms without a license, purchasing firearms from licensed dealers and then

2

reselling the firearms at a higher price for a profit.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and others sought to accomplish the object and purpose of the conspiracy included the following:

1.    Known and unknown co-conspirators purchased firearms from a variety of sources within the Southern District of Florida.

2.    **NOPADOL INTORN** directed **SHANICE CHARLES**, and other co-conspirators, to purchase firearms on his behalf.

3.    **NOPADAL INTORN, SHANICE CHARLES**, and other co-conspirators ordered firearms from various online retailers.

4.    The firearms were sent to a Federal Firearms Licensee by the online retailer or purchased directly from a Federal Firearm Licensee, where a Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473 must be completed in order to take possession of each firearm.

5.    **NOPADOL INTORN, SHANICE CHARLES**, and co-conspirators made false and fictitious written statements to firearms dealers intended and likely to deceive the dealers with respect to any fact material to the lawfulness of the sale and other disposition of said firearms, specifically, that they were the actual buyers of the firearms, not acquiring the firearms on behalf of another person, when in truth and fact, they were purchasing the firearms on behalf of another person, specifically for **NOPADOL INTORN** to resell to others at a profit.

6.    **NOPADOL INTORN** sold the firearms that he had acquired to third parties for more than he had paid, earning a profit from the sale of firearms.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects and purposes thereof, at least

one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

1. On or about July 20, 2020, **NOPADOL INTORN** sent a text message to **SHANICE CHARLES**: "My gun just got delivered to pjs," referring to PJAMMO LLC, a Federal Firearm Licensee frequented by **NOPADOL INTORN**, **SHANICE CHARLES** and others. **SHANICE CHARLES** asked, "What gun?" and **NOPADOL INTORN** responded "Sig 320." **SHANICE CHARLES** replied, "Mmm okay." **NOPADOL INTORN** texted, "Remember i sold the one Damian had to the cop a few nights ago" to which **SHANICE CHARLES** responded, "Oh… you sure do replace them fast."

2. On or about August 23, 2020, **SHANICE CHARLES** and **NOPADOL INTORN** discussed via text message a TR imports tac pro AR firearm, including magazine capacity. During the conversation, **SHANICE CHARLES** asked "But it's not a good flipper gun? Priced at $649….."

3. On or about September 16, 2020, **SHANICE CHARLES** sent a text message to **NOPADOL INTORN,** referring to the manager of a gun store, that she "said she'd do $450 and she took it down… Told her we'd come get it tomorrow" **NOPADOL INTORN** responded, "Ok I can get 650-700 for that thing shhhh."

4. On or about February 18, 2021, **NOPADOL INTORN** sent a text message to **SHANICE CHARLES** asking, "Babe can you call pjs and see if we have a Glock from sportsman and 1 from buds." **SHANICE CHARLES** responded, "Okay what are both models?" to which **NOPADOL INTORN** replied, "Nglock 19 mos and a cobra derringer 9mm."

5. On or about April 29, 2021, **SHANICE CHARLES** took possession of a firearm from a Federal Firearm Licensee, falsely and fictitiously stating that she was the actual buyer of

the firearm, an FN 57 Pistol (Serial Number 386400359). Later, on or about that same day, **NOPODAL INTORN** sold that same firearm to a third party.

6.     On or about May 18, 2021, **NOPADOL INTORN** sent a text message to **SHANICE CHARLES** "We have a delivery from Bud Gun Shop and Sportsmanguide" to which **SHANICE CHARLES** asked, "What are they?" **NOPADOL INTORN** responded "Buds is Springfield armory evac... Sportsmanguide is a AK 47." BudsGunShop.com and sportsmansguide.com are online firearm sellers.

7.     On or about that same day, May 18, 2021, **SHANICE CHARLES** completed a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, transferring a Springfield EVAC firearm and a Zatava M70 (Serial Number SE84814), an AK-47 style firearm from Federal Firearm Licensee PJAMMO LLC to her. In said Form 4473, **SHANICE CHARLES** certified that she was the actual transferee/buyer of the firearms, that she was not acquiring the firearms on behalf of another person, and understood that claiming to be the actual buyer/transferee on the form when she was not is a crime punishable as a felony under Federal Law.

8.     On or about April 27, 2022, **NOPADOL INTORN** sold two firearms to an undercover law enforcement agent. During the interaction, **NOPADOL INTORN** displayed multiple other firearms and offered them for sale. **NOPADOL INTORN** said that during the pandemic he was getting Glock pistols for $300 to $400 each and selling them for $1,000, making almost $700 per Glock at that time. **NOPADOL INTORN** said he planned to open a firearm store in the future.

9.     During the time material to the Indictment, Unindicted Co-Conspirator 1 ordered approximately forty-two (42) firearms from sportsmansguide.com, listing the individual who would take possession of the firearm as **NOPADOL INTORN**, when the individual who actually

5

took possession of said firearms, and completed the required Form 4473, was **SHANICE CHARLES**.

10. During the time material to the Indictment, **SHANICE CHARLES** ordered approximately twelve (12) firearms from BudsGunShop.com, which were paid for by **NOPADOL INTORN**, and **SHANICE CHARLES** took possession of the firearms, completing the required Form 4473 attesting she was the actual transferee/buyer of the firearms.

11. During the time material to the Indictment **NOPADOL INTORN** sold firearms to other individuals from his home and elsewhere. He frequently completed bills of sale, listing himself as the seller and identifying the purchaser of the firearms. The time between **NOPADOL INTORN** selling a firearm to a third party and the time **NOPADOL INTORN**, or **SHANICE CHARLES** took possession of the firearm from a Federal Firearm Licensee was very brief, as little as within the same day.

All in violation of Title 18, United States Code, Section 371.

## Count 2
### Dealing in Firearms Without a License
### (18 U.S.C. § 922(a)(1)(A))

1. Paragraphs 1 through 5 of the General Allegations of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From at least as early as March 2020, through in or around May 2022, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**NOPADOL INTORN,**
**a.k.a. "Lonnie Owens,"**
**a.k.a "Loni,"**
**and**
**SHANICE CHARLES,**

6

did willfully engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A) and Title 18, United States Code, Section 2.

**Count 3-5**
**Purchase of Firearms by Means of False Statement**
**(18 U.S.C. § 922(a)(6))**

On or about the dates specified as to each count below, in Broward County, in the Southern District of Florida, the defendants,

**NOPADOL INTORN,**
**a.k.a. "Lonnie Owens,"**
**a.k.a "Loni,"**
**and**
**SHANICE CHARLES,**

in connection with the acquisition of a firearm from a federally licensed firearms dealer, did knowingly make any false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the sale and other disposition of such firearm, in that **SHANICE CHARLES** stated in Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that she was the actual buyer and transferee of the firearm, and was not acquiring the firearm on behalf of another person, when in truth and fact, and as **SHANICE CHARLES** then and there well knew, she was acquiring the firearm on behalf of another person, as described below:

| Count | Approximate Date | Federal Firearms Dealer | Firearm |
|-------|------------------|-------------------------|---------|
| 3 | March 2, 2021 | PJAMMO LLC | Glock 19 pistol bearing serial number BRYE014 |
| 4 | April 29, 2021 | PJAMMO LLC | FN 57 pistol bearing serial number 386400359 |
| 5 | May 6, 2021 | PJAMMO LLC | Glock 19 pistol bearing serial number AFKH900 |

All in violation of Title 18, United States Code, Section 922(a)(6) and Title 18, United States Code, Section 2.

7

<u>**Counts 6-8**</u>

**False Statement in Required Information Kept by a Firearms Dealer**
**(18 U.S.C. § 924(a)(1)(A))**

On or about the dates specified as to each count below, in Broward County, in the

Southern District of Florida, the defendants,

**NOPADOL INTORN,**
**a.k.a. "Lonnie Owens,"**
**a.k.a "Loni,"**
**and**
**SHANICE CHARLES,**

did knowingly make a false statement and representation with respect to the information required

by Chapter 44 of Title 18, United States Code, to be kept in the records of a person licensed under

this chapter, that is, in connection with the acquisition of a firearm from a federally licensed

firearms dealer, in that **SHANICE CHARLES** stated and represented in a Bureau of Alcohol,

Tobacco, Firearms and Explosives Form 4473 that she was the actual buyer and transferee of the

firearm, and was not acquiring the firearm on behalf of another person, when in truth and fact, and

as **SHANICE CHARLES** then and there well knew, she was purchasing the firearm on behalf of

another person, as described below:

| Count | Approximate Date | Federal Firearms Dealer | Firearm |
|---|---|---|---|
| 6 | March 2, 2021 | PJAMMO LLC | Glock 19 pistol bearing serial number BRYE014 |
| 7 | April 29, 2021 | PJAMMO LLC | FN 57 pistol bearing serial number 386400359 |
| 8 | May 6, 2021 | PJAMMO LLC | Glock 19 pistol bearing serial number AFKH900 |

All in violation of Title 18, United States Code, Section 924(a)(1)(A) and Title 18, United States

Code, Section 2.

## FORFEITURE ALLEGATIONS

1.     The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **NOPODAL INTORN** and **SHANICE CHARLES**, have an interest.

2.     Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Section 922 or 924, or any other criminal law of the United States, as alleged in this Indictment, the defendants shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

All pursuant to Title 18, United States Code, Section 924(d)(1), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL \_ / /

FOREPERSON

FOR HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

BRUCE O. BROWN

COREY R. O'NEAL
ASSISTANT UNITED STATES ATTORNEY

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

**CASE NO.:** _____

**v.**

Nopadol Intorn, et al.

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
Defendants.

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☑ FTL   ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take 5 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)            (Check only one)
   I    ☑ 0 to  5 days        ☐ Petty
   II   ☐ 6 to 10 days        ☐ Minor
   III  ☐ 11 to 20 days       ☐ Misdemeanor
   IV   ☐ 21 to 60 days       ☑ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

16. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

17. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
COREY R. O'NEAL
Assistant United States Attorney
SDFL Court ID No.  A5503031

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: NOPADOL INTORN

**Case No**: 

Count 1:

Conspiracy to Deal in Firearms Without a License

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000.00**

Count 2:

Dealing in Firearms Without a License

Title 18, United States Code, Sections 922(a)(1)(a) and 2
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000.00**

Counts 3, 4, and 5:

False Statement to a Firearms Dealer

Title 18, United States Code, Sections 922(a)(6) and 2
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000.00**

Counts: 6, 7, and 8:

False Statement in Required Information Kept by a Firearms Dealer

Title 18, United States Code, Sections 924(a)(1)(A) and 2
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000.00**

**\*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: SHANICE CHARLES

**Case No**: _____

Count 1:

Conspiracy to Deal in Firearms Without a License

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000.00**

Count 2:

Dealing in Firearms Without a License

Title 18, United States Code, Sections 922(a)(1)(a) and 2
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000.00**

Counts 3, 4, and 5:

False Statement to a Firearms Dealer

Title 18, United States Code, Sections 922(a)(6) and 2
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000.00**

Counts: 6, 7, and 8:

False Statement in Required Information Kept by a Firearms Dealer

Title 18, United States Code, Sections 924(a)(1)(A) and 2
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000.00**

**\*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**